UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Crim. Action No. 05-50089-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TRACY T. BROWN** | **MAG. JUDGE MARK L. HORNSBY** |

**RULING**

Pending before the Court is a Motion for Modification of Sentence Because of Change in Health [Doc. No. 31] filed by Defendant Tracy T. Brown ("Brown"). Brown was sentenced by this Court on October 13, 2006, to serve fifteen (15) months of incarceration for aiding and assisting in the preparation of false tax returns to the Internal Revenue Service. [Doc. No. 27]. At the time of sentencing, this Court was made aware of Brown's health condition and recommended to the Bureau of Prisons that he be placed at Carswell Federal Medical Center in Fort Worth, Texas, or in another facility that could meet Brown's needs. Brown was placed at Carswell by the Bureau of Prisons.

Brown now moves the Court to reduce his sentence to "home incarceration" because his health has deteriorated to the point that he must now undergo dialysis and suffers from diabetic neuropathy and peripheral vein insufficiency complicated by skin ulcerations. Brown cites no authority in support of his motion. The Government opposes Brown's motion on the basis that he was given a reasonable sentence, and Carswell has adequately handled his health problems. The Government, likewise, has cited the Court to no authority for its position.

Pursuant to Federal Rule of Criminal Procedure 35, the Court may "correct a sentence" that

resulted from arithmetical, technical, or other clear error, within seven (7) days after sentencing. Fed. R. Crim. 35(a). In this case, however, those seven (7) days are long past. Even if the motion had been filed timely, the Court would still lack jurisdiction to modify the sentence under Rule 35(a) because there was no error in the original sentence that requires correction, nor does Brown claim there was such error. Nothing in Rule 35 vests the Court with authority to re-visit a sentence on the basis of an inmate's deteriorating health.

It appears instead that Brown might rely on 18 U.S.C. § 3582(c)(1)(A)(i), which provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
>     (1)    in any case--
>
>         (A)    the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>             (i)    extraordinary and compelling reasons warrant such a reduction
>
>         . . .
>
>         and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Section 3582(c)(1)(A)(I) does permit the reduction of a defendant's sentence based upon health concerns if those concerns are considered extraordinary and compelling. The Court has no jurisdiction to consider such a motion unless it is filed by the Director of the Bureau of Prisons, not

by Defendant.

Accordingly, Defendant's Motion for Modification of Sentence Because of Change in Health [Doc. No. 31] is DENIED. Defendant must request that the Director of the Bureau of Prisons file a motion on his behalf if his health condition is so extraordinary or compelling to warrant a reduction in sentence to home confinement.

MONROE, LOUISIANA, this 24th day of April, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE